CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 1 0 2009

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| ELISTON F. GEORGE,<br>　　　Plaintiff, | )<br>)<br>) | Civil Action No. 7:09-CV-00333 |
| v. | )<br>)<br>) | **MEMORANDUM OPINION** |
| GENE M. JOHNSON, et al.,<br>　　　Defendants. | )<br>)<br>) | By: Samuel G. Wilson<br>United States District Judge |

Plaintiff, Eliston F. George, a Virginia inmate proceeding pro se, brings this action under 42 U.S.C. § 1983, alleging that the defendants violated his constitutional rights by not paying him interest on his inmate trust account. The court finds that George's claim is frivolous and, therefore, dismisses his action, pursuant to 28 U.S.C. § 1915A(b)(1).[1]

### I.

George argues that he has a property right in the interest earned on his inmate trust account and claims that the defendants violated the Takings Clause of the United States Constitution by not paying him interest on the account.[2] George complains that the Virginia Department of Corrections ("VDOC") pools all of the inmates' money together into a single interest-bearing account and then keeps the interest earned on that account for the general benefit of inmates under the state's care.

### II.

George claims that the defendants violated the Takings Clause by failing to pay him interest on his inmate trust account. However, George has no property right in the interest earned and, thus,

---

[1] The court notes that George's complaint is strikingly similar to, and in fact uses the exact same wording and paragraph numbers as, a complaint filed by another inmate, see Civil Action No. 7:08cv00494. The main difference between the previous action filed by another inmate and this one, is that the other inmate provided evidence of his exhaustion of his claims. In this case, George only provides an informal complaint form, to which all four carbon copies are still attached, indicating that he never actually submitted the form to the appropriate prison officials. Therefore, it appears to the court that, in addition to being frivolous, George's claims are unexhausted.

[2] George also claims that the defendants violated his right to equal protection; however, he provides no facts in support of this conclusory allegation.

his claim fails.

The Takings Clause of the Fifth Amendment provides, "nor shall private property be taken for public use, without just compensation."[3] Phillips v. Washington Legal Foundation, 524 U.S. 156, 163 (1998); Chicago Burlington & Quincy R.R. Co. v. City of Chicago, 166 U.S. 226, 239 (1897). The Takings Clause protects private property, it does not create it. See Phillips, 524 U.S. at 164. In a Takings Clause analysis, the court must first determine whether the plaintiff possesses a constitutionally protected property interest then, if he does, whether the property was "taken" for public use and, finally, whether the plaintiff received just compensation. See id. at 156; Penn Central Transp. Co. v. New York City, 438 U.S. 104, 124 (1978). The existence of a property interest is determined not by the Constitution itself but by reference to "existing rules or understandings that stem from an independent source such as state law." Phillips, 524 U.S. at 164 (quoting Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972)). In Virginia, an inmate does not have a constitutionally protected property right in the interest earned on an inmate trust account. Washlefske v. Winston, 234 F.3d 179, 186 (4th Cir. 2000) (holding that Virginia statutes create and define a limited property right in the funds held in prison accounts, which do not grant full rights of possession, control, and disposition over the amounts "earned" and credited to the prisoner's account.) Accordingly, inasmuch as George has no property right to the interest income, the court finds that the defendants did not violate the Takings Clause and George's claim fails.[4]

---

[3] This limitation of governmental power has been imposed on the states through the Due Process Clause of the Fourteenth Amendment.

[4] Further, to the extent George claims the defendants violated his due process rights by not giving him notice and an opportunity to be heard before denying him interest income, his claim also fails. In order to prevail on a procedural due process claim, an inmate must first demonstrate that he was deprived of "life, liberty, or property" by governmental action. Bevrati v. Smith, 120 F.3d 500, 502 (4th Cir. 1997). In this case, George has no property right in the interest income and, thus, he has not stated a due process claim of constitutional magnitude.

2

## III.

For the reasons stated herein, the court dismisses George's action as frivolous, pursuant to § 1915A(b)(1).

**ENTER:** This 10th day of August, 2009.

_____
United States District Judge